UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JANN ORTEGA, et al.,

               Plaintiffs,

    -against-                             ORDER
                                         17-CV-6189 (JFB)(AYS)
BRACCO'S CLAM & OYSTER BAR, et al.,

               Defendants.

-----------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 15 2019 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On October 24, 2017, plaintiffs, inclusive of now-*pro se* plaintiff Felipe Estevez, filed a complaint in the instant case. (Dkt. No. 1.) The case proceeded to discovery, and on May 18, 2018, counsel for plaintiffs filed a motion to withdraw as counsel for Mr. Estevez. (Dkt. No. 24.) The motion was granted by Magistrate Judge Anne Shields via electronic order on May 29, 2018. In that order, Magistrate Judge Shields stayed the matter for thirty (30) days in order for Mr. Estevez to obtain new counsel and/or decide to proceed *pro se*, and ordered him to communicate his decision to the Court by July 6, 2018. He was also warned that failure to do so "may result in this Court's recommendation to the District Court that a failure to prosecute be entered against him and that his case be dismissed." Defendants served this order on Mr. Estevez on May 30, 2018. (Dkt. No. 26.) On July 16, 2018, Magistrate Judge Shields issued an electronic order staying discovery in the case for an additional thirty (30) days in order to allow Mr. Estevez to retain counsel, and instructed him to notify the Court of his status by August 17, 2018. Plaintiffs' counsel served this order on Mr. Estevez on July 17, 2018. (Dkt. No. 31.) On August 30, 2018, Magistrate Judge Shields issued a third electronic order, noting that Mr. Estevez failed to comply with the two prior orders to notify the Court of his decision to retain counsel. This order directed Mr. Estevez

to notify the Court of his intention by October 9, 2018, and again warned that "failure to comply with this Court's Order may result in a recommendation to the District Court that his case be dismissed for failure to prosecute." Plaintiffs' counsel served this order on Mr. Estevez on August 31, 2018. (Dkt. No. 36.) To date, *pro se* plaintiff Estevez has not communicated with the Court regarding his status. Based on Mr. Estevez's repeated failure to comply with deadlines imposed by the Court, and his failure to otherwise communicate with the Court in the time since, the Court ordered Mr. Estevez, by Order dated April 23, 2019, to submit a letter by May 13, 2019, explaining why he should not be dismissed from this case for failure to prosecute. (Dkt. No. 40.) The April 23, 2019 Order warned that if Mr. Estevez failed to respond, the Court would dismiss him from the case with prejudice for failure to prosecute. A copy of the April 23, 2019 Order was mailed to Mr. Estevez. Mr. Estevez has not responded to the April 23, 2019 Order or otherwise communicated with the Court. Accordingly, the Court concludes that Mr. Estevez has abandoned the action, and for the reasons set forth below, the Court dismisses Mr. Estevez from the case for failure to prosecute.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)) (additional citation omitted); *see also* Fed. R. Civ. P. 41(b). Courts have repeatedly found that "dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Kuar v. Mawn*, No. 08-CV-4401, 2012 WL 3808620, *3 (E.D.N.Y Sept. 4, 2012) (internal quotations and alteration omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994); *see also Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'" (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981))). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Here, Mr. Estevez was warned that his claim would be dismissed with prejudice unless he timely filed a letter with the Court as to why it should not be so dismissed. Further, Mr. Estevez had been warned on three previous occasion that his failure to comply with Magistrate Judge Shields' orders could result in dismissal. Notwithstanding this caution, Mr. Estevez has not responded to the Court's April 23, 2019 Order and has not otherwise communicated with the Court. Thus, Mr. Estevez has shown no interest in continuing with this action. Under these circumstances, no sanction less than his dismissal from the instant action will alleviate the prejudice to defendant of defending against multiple plaintiffs. Moreover, the Court needs to ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case with prejudice.

Accordingly, in consideration of the above factors, Mr. Estevez' claims are dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the

Court shall terminate Mr. Estevez as a plaintiff in this case and mail a copy of this Order to *pro se* plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Joseph F. Bianco

Joseph F. Bianco
United States District Judge

Dated: May 15, 2019
Central Islip, New York